IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| ALBERT FLORES and | § | Case No. 10-32173-HCM-11 |
| BETTY ANGELINA FLORES, | § | |
| | § | |
| Debtors. | § | |

**DEBTORS' PLAN OF REORGANIZATION AS
MODIFIED FOR THE SECOND TIME PRIOR TO CONFIRMATION**

Now come the Debtors in these proceedings, ALBERT FLORES and BETTY ANGELINA FLORES (hereinafter "FLORESES"), and file this, their Plan of Reorganization as Modified for the Second Time Prior to Confirmation, under Chapter 11 of the Bankruptcy Code.

**I.**

As explained in the accompanying Disclosure Statement, which should be read along with this Plan, the Debtors are reorganizing their allowed claims, over a period of five years or over any other period of time indicated for the different classes of claims, as set forth below.   In the Debtors' view, the Debtors' second series of Plan modifications as herein set forth do not so materially or adversely affect any party in interest, that new disclosure of re-balloting should be required. 11 U.S.C. § 1127.

**II.     HOW THE DEBTORS WILL GENERATE THE PERIODIC PAYMENTS TO
BE APPLIED TO CREDITORS' ALLOWED CLAIMS**

The Debtors' continued operation of their business will generate most of the payments to be made under this Plan.  A smaller proportion of the payments to be made under this Plan, will come from sales of specified real properties, as set forth below and in the accompanying Disclosure Statement.

**III. CLASSES OF CREDITORS**

FLORESES propose to make payments to all of their creditors upon the allowed amounts of their claims in these proceedings, according to classes, as follows:

Class 1.        Administrative Expenses.  These creditors hold claims allowable under 11 U.S.C. § 503, for assisting the Debtor and this estate in the reorganization case.

Class 2.          Secured Tax Claims of the City of El Paso Tax Assessor/Collector.

Class 2a.         Claims of Dona Ana County Treasurer Secured by Property ID 17-15649, Property ID 17-17483, and  Property ID 17-02411.

Class 2b.         Claims of Otero County Treasurer for 2009 Taxes on Property:  PC40-00045 MC059-077-460-225 BK 1198 PG 0964-6-Crossett 28-13-11 TR In NE 1/4 5.149 ac. Misc. land general. and for 2009 Taxes on Property:  PC04-00798 mc051-083-192-074  907Sixth St BK 1116 PG 0653-Corr Smd Tularosa Blocks Blk, 12 LT A N ½ 72x142 Sgl.

Class 2c.         Claims of Lincoln County Treasure for 2009-2010 secured by 225-227 Carrizo Rd., Tularosa, NM.

Class 3.          Priority Unsecured Tax Claims.  These creditors hold priority tax claims for which there either are no lien filings or else no collateral to secure liens that have been filed.

Class 4a.         Claim of AG New Mexico, FCS, FLCA Secured by 9065 Westside Drive.  The creditor in this class holds a contractual claim secured by the FLORESES' 99-acre pecan farm.

Class 4b.         Claim of American Home Mortgage Servicing, Inc. Secured by 121 Puma Drive (SFDH).  The creditor in this class holds a contractual claim secured by the real property commonly known as 121 Puma Drive, El Paso, Texas.

Class 4c.         Claim of American Home Mortgage Servicing, Inc. Secured by 2529 Idalia (SFDH). The creditor in this class holds a  contractual claim secured by the real property.

Class 4d.         Claim of Alyce Martinez Secured by 14400 Derringer (unimproved land).  The creditor in this class holds a contractual claim secured by the real property commonly known as 14400 Derringer, El Paso County, Texas.

Class 4e.         Claim of American Servicing Company Secured by 11569 Bunky Henry (SFDH). The creditor in this class holds a contractual claim secured by the real property commonly known as 11569 Bunky Henry, El Paso, Texas.

Class 4f.      Claim of BAC Home Loan Servicing, L.P. Secured by 3605 Arcadia Place (SFDH, Debtors' homestead). The creditor in this class holds a contractual claim secured by the real property commonly known as 3605 Arcadia Place, El Paso, Texas.

Class 4g.      Claim of BAC Home Loan Servicing, L.P. Secured by 4128 O'Keefe Drive (SFDH). The creditor in this class holds a contractual claim secured by the real property commonly known as 4128 O'Keefe Drive, El Paso, Texas.

Class 4h.      Claim of BAC Home Loan Servicing, L.P. Secured by 4128 O'Keefe Drive (SFDH). The creditor in this class holds a contractual claim secured by the real property commonly known as 4128 O'Keefe Drive, El Paso, Texas.

Class 4i.      Claim of BAC Home Loan Servicing, L.P. Secured by 3400 Piedmont (SFDH). The creditor in this class holds a contractual claim secured by the real property commonly known as 3400 Piedmont, El Paso, Texas.

Class 4j.      Claim of BAC Home Loan Servicing, L.P. Secured by 2912 Lemontree (SFDH). The creditor in this class holds a contractual claim secured by the real property commonly known as 2912 Lemontree, Plano, Texas.

Class 4k.      Reserved for Expansion.

Class 4l.      Claim of Equity Trust Company, Cust. FBO Charles J. Horak, Jr. IRA Secured by Collateral Transfer of Note on 201 Lancer (SFDH). The creditor in this class holds a contractual claim secured by the real property commonly known as 201 Lancer, El Paso, Texas.

Class 4m.      Claim of Charlie Haddad Secured by 1429 E. Yandell (restaurant with apartments) and 104 Crown Point (SFDH). The creditor in this class holds a contractual claim secured by the real property commonly known as 1429 E. Yandell, El Paso, Texas.

Class 4n.      Claim of Chase Bank Secured by 3009 N. Florence (SFDH). The creditor in this class holds a contractual claim secured by the real property commonly known as 3009 N. Florence, El Paso, Texas.

Class 4o.    Claim of Chase Mortgage Secured by 907 6th Street, Tularosa, New Mexico (SFDH). The creditor in this class holds a contractual claim secured by the real property commonly known as 907 6th Street, Tularosa, New Mexico.

Class 4p.    Claim of First National Bank of Davis Secured by Commercial Washing Machines and Dryers. The creditor in this class holds a contractual claim secured by commercial washing machines and dryers warehoused at Montana East Self-Storage, 11000 E. Montana Avenue in El Paso, Texas.

Class 4q.    Unused.

Class 4r.    Claim of Haixiao Li Secured by 308 E. River (SFDH). The creditor in this class holds a contractual claim secured by the real property commonly known as 308 E. River, El Paso, Texas.

Class 4s.    Claim of Bayview Loan Servicing, LLC Secured by 914-916 W. Yandell Drive (apartments). The creditor in this class holds a contractual claim secured by the real property commonly known as 914-916 W. Yandell Drive, El Paso, Texas.

Class 4t.    Claim of NAEDA Financial, Ltd. Secured by Farm Equipment. The creditor in this class holds a purchase-money security interest in most of the farm equipment situated on the Debtors' 99-acre pecan farm in Dona Ana County, New Mexico.

Class 4u.    Reserved for Expansion.

Class 4v.    Claim of Propel Financial Services for Subrogation to Tax Lien on 2815 N. Campbell, 3400 Piedmont, and garages at 609 Arizona. The creditor in this class holds a claim for subrogation to a tax lien on 2815 N. Campbell, 3400 Piedmont, and garages at 609 Arizona.

Class 4w.    Claim of Robert Malooly Secured by 1217 N. Mesa (apartments). The creditor in this class holds a contractual claim secured by the real property commonly known as 1217 N. Mesa, El Paso, Texas.

Class 4x.    Claim of Robert Malooly Secured by 2800 N. Campbell, 2815 N. Campbell, 1731

Wyoming, 1108 N. Florence, 14500 Sam Hawken, and 1226 E. Yandell (all are SFDH's except 14500 Sam Hawken). The creditor in this class holds a contractual claim secured by the real properties commonly known as 2800 N. Campbell, 2815 N. Campbell, 1731 Wyoming, 1108 N. Florence, and 1226 E. Yandell, El Paso, Texas.

Class 4y.    Claim of Robert Malooly Secured by 2132 N. Kansas (SFDH with apartments), 803 Mamie (SFDH), and 1111 Overland (storage warehouse).. The creditor in this class holds a contractual claim secured by the real properties commonly known as 803 Mamie and 1111 Overland, El Paso, Texas.

Class 4z.    Claim of Robert Malooly for Non-Recourse Note Secured by Section 36, Township 27S, Range 2E, New Mexico Principal Meridian and Other Party's Assets . The creditor in this class holds a non-recourse claim secured by the real property legally described as Section 36, Township 27S, Range 2E, New Mexico Principal Meridian.

Class 5.     General Unsecured Claims of $500.00 or Less. These are claims which are without security and without statutory entitlement to priority.

Class 6.     General Unsecured Claims of $500.00 or More. These are claims which are without security and without statutory entitlement to priority.

Class 7.     Interests of the Debtors. This class is comprised of the interests of the Debtors ALBERT FLORES and BETTY ANGELINA FLORES.

Class 8.     Subordinated Claims. No creditors shall be relegated to this class except by Order of the Bankruptcy Court, for misconduct which is found to harm this estate. At this time there are no subordinated claims.

## IV. MEMBERSHIP IN THE CLASSES; TREATMENT OF EACH CLASS

All classes of claims are subject to the general provisions (including, but not limited to, Article XIII) of this Plan. To have a full understanding of a claim's treatment, creditors should read this entire Plan and the accompanying Disclosure Statement, as well as this Article IV.

Class 1.     Administrative Expenses.    The Bankruptcy Code treats as administrative expenses

5

all post-petition obligations of the Debtors. These shall be paid in full in the ordinary course of business or, if there is no such ordinary course, then paid in full on effective date of confirmation, as defined above. If the Debtors are delinquent on any post-petition tax obligations as of the date of the confirmation hearing, such obligations shall be paid in full before thirty days after the hearing confirming the Plan, whether or not a confirmation order has been entered. Administrative expenses include the professionals' fees incurred by the Debtors in the course of the reorganization case, as well as operational expenses incurred since petition date in the ordinary course of business. The professional fees require Court approval before they are entitled to payment, but the Debtors are required to deposit funds into the trust account of their reorganization counsel, E.P. BUD KIRK, to cover those fees once approved, so that they can be paid as soon as, and to the extent, the Court approves them. Post-petition operating expenses are all to be paid according to their regular contractual terms.

Class 1 is an unimpaired class that is entitled to vote on the Plan. Class 1 claimants have no liens, but shall be entitled to file liens according to state law if they are not paid in the ordinary course of business or as herein set forth.

Class 2.    Secured Tax Claim of City of El Paso Tax Assessor/Collector. The CITY OF EL PASO TAX ASSESSOR/COLLECTOR ("CITY") has filed a secured claim in these proceedings for $87,051.15 for 2009 and 2010 ad valorem taxes. Class 2 claims are to be repaid in monthly installments, on a variety of properties. Because ad valorem taxes on real property are specific to that property, the taxes on each property will be retired in 48 level installments, including interest from petition date at the fixed rate of 12 percent (12%) per annum, commencing on the 15th day of the first calendar month following effective date of confirmation. Debtors estimate the property will be $2,292.39/mo. but the actual amount can be adjusted by agreement with the City in the confirmation Order. Such payments are to continue until each of the Class 2 claims is paid in full. Debtor may elect to pre-pay any claim within this class. A default upon any Class 2 claim shall be specific to the property or properties defaulted on, and the default(s) shall not entitle the CITY to proceed against any other property as to which the Plan is not in default.

Class 2 claims are impaired, voting claims. The Class 2 creditor shall retain its liens for all years' taxes, pre- and post-petition, but there shall be no cross-collateralization

6

and no cross-default as to any liens retained.

Class 2a.   Claims of Dona Ana County Treasurer for 2009-2010 taxes Secured by Property ID 17-15649, Property ID 17-17483, and Property ID 17-02411.  On or before the 15th day of each month following confirmation effective date, DONA ANA COUNTY TREASURER is to receive monthly installment payments of one forty-eighth of the taxes owed on the above properties.  Each property shall be a separate debt and there shall by no cross-collateralization and no cross-default.  The claims shall be repaid with interest at the fixed statutory rate.

The Class 2a creditor shall retain its liens on the Debtors' above-described properties.

Class 2b.   Claims of Otero County Treasurer for 2009-2010 Taxes on Property:  PC40-00045 MC059-077-460-225 BK 1198 PG 0964-6-Crossett 28-13-11 TR In NE 1/4 5.149 ac. Misc. land general. and for 2009 Taxes on Property:  PC04-00798 mc051-083-192-074 907Sixth St BK 1116 PG 0653-Corr Smd Tularosa Blocks Blk, 12 LT A N ½ 72x142 Sgl.  On or before the 15th day of each month following confirmation effective date, DONA ANA COUNTY TREASURER is to receive monthly installment payments of one forty-eighth of the taxes owed on the above properties. Each property shall be a separate debt and there shall by no cross-collateralization and no cross-default.  The claims shall be repaid with interest at the fixed statutory rate.

The Class 2b creditor shall retain its liens on the Debtors' above-described properties.

Class 2c.   Claims of Lincoln County Treasurer for 2009-2010 taxes secured by 225-227 Carrizo Rd., Tularosa, NM.  On or before the 15th day of each month following confirmation effective date, LINCOLN COUNTY TREASURER is to receive monthly installment payments of one forty-eighth of the taxes owed on the above properties.  Each property shall be a separate debt and there shall by no cross-collateralization and no cross-default.  The claims shall be repaid with interest at the fixed statutory rate.

The Class 2c creditor shall retain its liens on the Debtors' above-described properties.

Class 3.   Priority Unsecured Tax Claims.  Debtors believe they do not have any creditors in this

Class.  They will amend this Plan if it becomes apparent there are such claims.

Class 3 claims are impaired and voting claims.

Class 4a.    Claim of AG New Mexico, FCS, FLCA Secured by 9065 Westside Drive.  AG NEW MEXICO, FCS, FLCA ("AG NEW MEXICO")  filed a secured proof of claim in these proceedings in the amount of $2,012,784.81.  The collateral for this claim is a 99-acre pecan farm.  Since petition date the claim has been paid, with Court approval, two "annual installments" of $148,590.79 and $150,014.65 each, as a condition of FLORESES being permitted to use the cash collateral generated by the farm (pecan crop proceeds).  Under the loan contract, dated October 8, 2008 the annual payments are due after harvest time, *i.e.,* on February 13, of each year, to coincide with the crop harvest.  The balance of the loan shall be amortized over twenty years in level payments of $158,033.47 each or more if required to amortize AG NEW MEXICO's reasonable attorney's fees in these proceedings over the twenty years, including interest at the fixed  rate of 5.75% per annum.  There shall be a "call" or "balloon" payment of all the remaining principal and accrued interest, due on February 1, 2019.  All payments made since October 8, 2010 shall be applied to the loan balance as of payment date including then-accrued post-petition interest (calculating that balance at the non-default interest rate), and the interest rate over the interval from petition date to confirmation date shall be 4.48%.  AG NEW MEXICO may add to the present balance of its claim, after the two annual payments made in 2011 have been applied, its reasonable attorney's fees of $33,854.11 without need for a fee application.

The Class 4a creditor shall retain its lien on the Debtors' farm, on the pecan crops grown thereon, and on the farm equipment other than the equipment subject to a valid purchase money lien in favor of NAEDA in Class 4t.  The existing promissory note and other loan and collateral documents remain in full force and effect except as expressly modified by the Plan or, at AG NEW MEXICO's request replaced by new loan documents consistent with the Plan.  Section 12.5 of the Plan does not apply to the Class 4a creditor.

In order to better assure the feasibility of the payment of this Class, BETTY ANGELINA FLORES agrees to defray any shortfall of funds to make the annual

8

payments through February 13, 2019, with withdrawals from her tax-sheltered retirement funds on deposit with Teachers Federal Credit Union.

Payments to AG NEW MEXICO shall, notwithstanding the due date of February 1st each year, be made as soon as possible out of crop proceeds each year, preceded only by repayment of harvest expenses advanced by the crop purchaser(s). The Debtors shall then, after making the annual payment to AG NEW MEXICO, deposit the next $60,000.00 of crop proceeds each year into a separate bank account, to be sub-entitled a "Pecan Operations Account." The sole use of the Pecan Operations Account shall be to prepare the farm for the next year's crop, and FLORESES shall send monthly bank statements in copy to AG NEW MEXICO, annotated to show what each withdrawal from that account was spent on, and with supporting receipts if the expenditure was made in cash or by some means other than a direct check or draft upon the Pecan Operations Account.

The Class 4a claimholder is impaired and entitled to vote on this Plan.

Class 4b.     <u>Claim of American Home Mortgage Servicing, Inc Secured by 121 Puma Drive</u>. American Home Mortgage Servicing, Inc. ("AHMSI") filed a secured proof of claim in these proceedings in the amount of $187,726.35.

On or before the 10th day of each month commencing in the month after confirmation date, AHMSI is to receive monthly installment payments of $1,291.35 each that will fully retire its debt over a 20-year amortization, including interest at the fixed rate of 5.5% per annum. Post-petition interest for the period up to effective date of confirmation shall be computed at the Plan rate.

There shall be added to such payments each month any necessary payments to keep the escrow for taxes and insurance funded, if there is one. Otherwise the Debtors will pay the 2010 taxes according to this Plan, and 2011 and later taxes directly and on time; and the Debtors will furnish proof of continuous insurance coverage according to the loan agreement.

In addition the Debtors shall pay AHMSI $116.69 per month for a period of 60 months, to cure post-petition arrearages on Puma Drive totaling $7,001.13 (including

attorney fees).

The Class 4b creditor shall retain its lien on the Debtors' real estate.

The Class 4b claimholder is impaired and entitled to vote on this Plan.

Class 4c.    Claim of American Home Mortgage Servicing, Inc.  Secured by 2529 Idalia (SFDH).
AMHSI filed a secured proof of claim in these proceedings in the amount of
$84,002.29.

On or before the 10th day of each month commencing in the month after confirmation
effective date, AHMSI is to receive monthly installment payments of $577.84 each
that will fully retire its debt over a 20-year amortization, including interest at the fixed
rate of 5.5% per annum.  Post-petition interest for the period up to effective date of
confirmation shall be computed at the Plan rate.

There shall be added to such payments each month any necessary payments to keep
the escrow for taxes and insurance funded, if there is one.  Otherwise the Debtors will
pay the 2010 taxes according to this Plan, and 2011 and later taxes directly and on
time; and the Debtors will furnish proof of continuous insurance coverage according
to the loan agreement.

The Class 4c creditor shall retain its lien on 2529 Idalia.

The Class 4c claimholder is impaired and entitled to vote on this Plan.

Class 4d.    Claim of Alyce Martinez Secured by 14400 Derringer (unimproved land).
FLORESES have scheduled the debt at $37,806.62.  There are two identical notes,
each securing one of two adjoining lots.

On or before the 5th day of each month commencing the month after
confirmation effective date, ALYCE MARTINEZ  is to receive monthly
installment payments of $185.65 each upon each of the two notes, that will
fully retire her debt over a 15-year amortization, including interest at the fixed
rate of 6% per annum.  There shall be a "call" or "balloon payment" due on

the seventh anniversary of confirmation date.

The Class 4d creditor shall retain her liens on both lots at 14400 Derringer.

The Class 4d claimholder is impaired and entitled to vote on this Plan.

Class 4e.  Claim of American Servicing Company Secured by 11569 Bunky Henry (SFDH). AMERICAN SERVICING COMPANY filed a secured proof of claim in these proceedings in the amount of $66,866.10.

On or before the 10th day of each month commencing in the month after confirmation effective date, AMERICAN SERVICING COMPANY is to receive monthly installment payments of $459.96 each that will fully retire its debt over a 20-year amortization, including interest at the fixed rate of 5.5% per annum.

There shall be added to such payments each month any necessary payments to keep the escrow for taxes and insurance funded, if there is one. Otherwise the Debtors will pay the 2010 taxes according to this Plan, and 2011 and later taxes directly and on time; and the Debtors will furnish proof of continuous insurance coverage according to the loan agreement.

The Class 4e creditor shall retain its lien on 11569 Bunky Henry.

The Class 4a claimholder is impaired and entitled to vote on this Plan.

Class 4f.  Claim of BAC Home Loan Servicing, L.P. Secured by 3605 Arcadia Place (SFDH, Debtors' homestead). BAC HOME LOAN SERVICING, L.P. filed a secured proof of claim in these proceedings in the amount of $216,963.53.

On or before the 1st day of each month commencing in the month after confirmation effective date, BAC HOME LOAN SERVICING, L.P. is to receive monthly installment payments of $1,494.19 each that will fully retire its debt over the term of the original loan, including interest at the fixed contractual non-default rate of 6.34% per annum.

11

Any arrearages owed on this mortgage, pre- or post-petition, shall be made up through a mid-month payment of $300.00/mo., commencing on the 15th of the first month after BAC HOME LOAN SERVICING notifies Debtors' counsel in writing of the amount of any arrearages claim; with a like payment due on the 15th of each month thereafter until the arrearages claim is paid.

There shall be added to such payments each month any necessary payments to keep the escrow for taxes and insurance funded, if there is one.  Otherwise the Debtors will pay the 2010 taxes according to this Plan, and 2011 and later taxes directly and on time;  and the Debtors will furnish proof of continuous insurance coverage according to the loan agreement.

The Class 4f creditor shall retain its lien on 3605 Arcadia.

The Class 4f claimholder is impaired and entitled to vote on this Plan.  The foregoing terms do not, however, modify the terms of the mortgage on the Debtors' principal residence; they merely cure a default.  11 U.S.C. § 1123(a)(5)(G), (b)(5).

**Class 4g.**      **Claim of BAC Home Loan Servicing, L.P. Secured by 4128 O'Keefe Drive (SFDH).** The creditor in this class holds a contractual claim secured by real estate.

FLORESES shall surrender this property in full satisfaction of both of the first and second lien notes secured by this property.

This property is to be surrendered in full satisfaction of the debt thereon, by deed in lieu of foreclosure as nearly as practical to confirmation effective date, to be recorded in the appropriate County Clerk's office as the means of delivery of the deed.  The property shall pass to this secured creditor free and clear of any leases in place and subject to ad valorem taxes for the 2011 and later years.

The Class 4g creditor shall retain its lien on 4128 O'Keefe Drive.

The Class 4g claimholder is impaired and entitled to vote on this Plan.

**Class 4h.**      **Claim of BAC Home Loan Servicing, L.P. Secured by 4128 O'Keefe Drive (SFDH).**

BAC HOME LOAN SERVICING filed a secured proof of claim in these proceedings in the amount of $189,430.92.

FLORESES shall surrender this property in full satisfaction of both of the first and second lien notes secured by this property.

This property is to be surrendered in full satisfaction of the debt thereon, by deed in lieu of foreclosure as nearly as practical to confirmation effective date, to be recorded in the appropriate County Clerk's office as the means of delivery of the deed. The property shall pass to this secured creditor free and clear of any leases in place and subject to ad valorem taxes for the 2011 and later years.

The Class 4j creditor shall retain its lien on 4128 O'Keefe Drive.

The Class 4j claimholder is impaired and entitled to vote on this Plan.

Class 4i.    Claim of BAC Home Loan Servicing, L.P. Secured by 3400 Piedmont (SFDH). BAC HOME LOAN SERVICING filed a secured proof of claim in these proceedings in the amount of $149,118.66. On or before the 10th day of each month commencing in the month after confirmation effective date, BAC HOME LOAN SERVICING, L.P. is to receive monthly installment payments of $846.68 each that will fully retire its debt over a 30-year amortization, including interest at the fixed rate of 5.5% per annum, calculated from petition-date forward.

There shall be added to such payments each month any necessary payments to keep the escrow for taxes and insurance funded, if there is one. Otherwise the Debtors will pay the 2010 taxes according to this Plan, and 2011 and later taxes directly and on time; and the Debtors will furnish proof of continuous insurance coverage according to the loan agreement.

The Class 4h creditor shall retain its lien on 3400 Piedmont.

The Class 4h claimholder is impaired and entitled to vote on this Plan.

Class 4j.    Claim of BAC Home Loan Servicing, L.P. Secured by 2912 Lemontree (SFDH).

BAC HOME LOAN SERVICING filed a secured proof of claim in these proceedings in the amount of $67,409.02.  On or before the 10th day of each month commencing in the month after confirmation effective date, BAC HOME LOAN SERVICING, L.P. is to receive monthly installment payments of $382.74 each that will fully retire its debt over a 30-year amortization, including interest at the fixed rate of 5.5% per annum.

There shall be added to such payments each month any necessary payments to keep the escrow for taxes and insurance funded, if there is one.  Otherwise the Debtors will pay the 2010 taxes according to this Plan, and 2011 and later taxes directly and on time; and the Debtors will furnish proof of continuous insurance coverage according to the loan agreement.

The Class 4i creditor shall retain its lien on 2912 Lemontree, Plano, Texas.

The Class 4i claimholder is impaired and entitled to vote on this Plan.

Class 4k.        Reserved for Expansion.

Class 4l.        Claim of Equity Trust Company, Cust. FBO Charles J. Horak, Jr., IRA Secured by Collateral Transfer of Note on 201 Lancer (SFDH).  This creditor filed a secured proof of claim in these proceedings in the amount of $77,000.00.

On or before the 10th day of each month commencing in the month after confirmation effective date, EQUITY TRUST COMPANY, CUST FBO CHARLES J. HORAK, JR. IRA is to receive monthly installment payments of $854.86 each that will fully retire its debt over a ten-year amortization, including interest at the fixed rate of 6.0% per annum.

The Class 4l creditor shall retain its lien on the real estate lien note secured by 201 Lancer, El Paso, Texas.

The Class 4l claimholder is impaired and entitled to vote on this Plan.

Class 4m.        Claim of Charlie Haddad Secured by 1429 E. Yandell (restaurant with apartments)

14

<u>and 104 Crown Point (SFDH)</u>. CHARLIE HADDAD filed a secured proof of claim in these proceedings in the amount of $416,450.00.

On or before the 10th day of each month commencing in the month following confirmation effective date, CHARLIE HADDAD is to receive monthly installment payments that will fully retire this debt over a 25-year amortization, including interest at the fixed rate of 5.25% per annum, with a "call" or "balloon" payment at the tenth anniversary of the first Plan payment's due date.

In the event either property securing this debt is sold, then after closing costs and property taxes are paid to date of closing, and the loan balance is reduced by the rest of the sale proceeds, the remaining balance of the loan will be reamortized into level payments over the remaining term of the 25-year amortization, still preserving the call at the tenth anniversary.

The Class 4m creditor shall retain its lien on the Debtors' real estate.

The Class 4m claimholder is impaired and entitled to vote on this Plan.

<u>Class 4n.</u>     <u>Claim of Chase Bank Secured by 3009 N. Florence (SFDH)</u>.   CHASE BANK filed a secured proof of claim in these proceedings in the amount of $48,255.09.

On or before the 10th day of each month commencing in the month following confirmation effective date, CHASE BANK is to receive level monthly installment payments of $266.47 each that will fully retire its debt over a 30-year amortization, including interest at the fixed rate of 5.25% per annum. Arrearages of $596.46 shall be capitalized in the modified loan and an addition therefor shall be made to the monthly payment. There shall be a "call" or "balloon" payment at the seventh anniversary of confirmation effective date.

There shall be added to such payments each month any necessary payments to keep the escrow for taxes and insurance funded, if there is one. Otherwise the Debtors will pay the 2010 taxes according to this Plan, and 2011 and later taxes directly and on time; and the Debtors will furnish proof of continuous insurance coverage according to the loan agreement.

The Class 4n creditor shall retain its lien on 3009 N. Florence.

The Class 4n claimholder is impaired and entitled to vote on this Plan.

Class 4o.    Claim of Chase Mortgage Secured by 907 6th Street, Tularosa, New Mexico (SFDH). CHASE MORTGAGE filed a secured proof of claim in these proceedings in the amount of $169,723.72.

This property is to be surrendered to Chase Mortgage in full satisfaction of the debt thereon.  Chase Mortgage may immediately exercise its contractual and all other rights against the Property, including judicial or non-judicial foreclosure.  If Chase Mortgage prefers to have a deed in lieu of foreclosure, Debtors will provide one. The property shall pass to this secured creditor free and clear of any leases in place and subject to ad valorem taxes for the 2011 and later years.

The Class 4o creditor shall retain its lien on 907 6th Street.

The Class 4o claimholder is impaired and entitled to vote on this Plan.

Class 4p.    Claim of First National Bank of Davis Secured by Commercial Washing Machines and Dryers.  FIRST NATIONAL BANK OF DAVIS filed a secured proof of claim in these proceedings in the amount of $15,064.64.

On or before the 10th day of each month commencing in the month after confirmation effective date, FIRST NATIONAL BANK OF DAVIS. is to receive monthly installment payments of $348.64 each that will fully retire its debt over a four-year amortization, including interest at the fixed rate of 5.25% per annum.

The Class 4p creditor shall retain its lien on the Debtors' real estate.

The Class 4p claimholder is impaired and entitled to vote on this Plan.

Class 4q.    Reserved for expansion.

Class 4r.    Claim of Haixiao Li Secured by 308 E. River.  The creditor in this class holds a

16

contractual claim secured by real estate.

On or before the 10th day of each month commencing in the month after confirmation effective date, HAIXIAO LI is to receive $445.00/mo. including interest at the contractual rate of 6.5% per annum. All past-due interest shall be added to the loan balance, and payments shall continue until the loan is retired.

There shall be added to such payments each month any necessary payments to keep the escrow for taxes and insurance funded, if there is one. Otherwise the Debtors will pay the 2010 taxes according to this Plan, and 2011 and later taxes directly and on time; and the Debtors will furnish proof of continuous insurance coverage according to the loan agreement.

The Class 4r creditor shall retain its lien on 308 E. River.

The Class 4r claimholder is impaired and entitled to vote on this Plan.

Class 4s.    Claim of Bayview Loan Servicing, LLC Secured by 914-916 W. Yandell Drive (apartments). BAYVIEW LOAN SERVICING, LLC ("BAYVIEW") filed a secured proof of claim in these proceedings in the amount of $115,481.81. The claim has been substantially reduced since by a Court-approved sale of a portion of the property, the vacant lot at 914 W. Yandell.

On or before the 10th day of each month commencing in the month after confirmation effective date, BAYVIEW is to receive monthly installment payments of $692.02 each that will fully retire its debt over a 25-year amortization, including interest at the fixed rate of 5.25% per annum, with a "call" or "balloon" payment at the tenth anniversary of the first Plan payment's due date.

There shall be added to such payments each month any necessary payments to keep the escrow for taxes and insurance funded, if there is one. Otherwise the Debtors will pay the 2010 taxes according to this Plan, and 2011 and later taxes directly and on time; and the Debtors will furnish proof of continuous insurance coverage according to the loan agreement.

The Class 4s creditor shall retain its lien on 914-916 W. Yandell Drive.

The Class 4s claimholder is impaired and entitled to vote on this Plan.

Class 4t.     Claim of NAEDA Financial, Ltd. Secured by Farm Equipment.  NAEDA filed a proof of claim in these proceedings in the amount of $76,505.61, secured by a purchase-money security interest in farm equipment described in its financing statement.  That farm equipment has a current fair market value of $65,000.00, which will be the extent of the secured claim.

On or before the 10th day of each month commencing in the month after effective date of Plan confirmation, NAEDA FINANCIAL, LTD. is to receive monthly installment payments of $1,159.97 each that will fully retire its debt over a 5-year amortization, including interest at the fixed rate of 6% per annum.  These terms are reflected by the Agreed Order on NAEDA's Motion for Valuation, hereto attached.

The Class 4t creditor shall retain its lien on the Debtors' farm equipment described in NAEDA Financial's financing statement.

The Class 4t claimholder is impaired and entitled to vote on this Plan.  The undersecured balance of NAEDA FINANCIAL LTD.'s claim is relegated to Class 6, below.  NAEDA FINANCIAL LTD. will not be entitled to attorney's fees in this case.

Class 4u.     Unused.

Class 4v.     Claim of Propel Financial Services for Subrogation of Tax Lien on 2815 N. Campbell, 3400 Piedmont, and garages at 609 Arizona.  The creditor in this class held a claim for subrogation to a tax lien, duly-perfected and fully-collateralized by pre-petition lien filings, in the amount of $14,969.17, including interest at the contract rate of 15.9% per annum.

If there is any balance still owed, on or before the 10th day of each month commencing in the month following confirmation effective date, PROPEL FINANCIAL SERVICES is to receive 24 level monthly installment payments

that will fully retire its debt, starting January 11, 2012, including interest at the fixed rate of 15.9% per annum.

The Class 4v creditor shall retain its lien on 2815 N. Campbell, 3400 Piedmont, and the garages at 609 Arizona.

The Class 4v claimholder is impaired and entitled to vote on this Plan.

Class 4w.    Claim of Robert Malooly Secured by 1217 N. Mesa (apartments).  ROBERT MALOOLY filed a secured proof of claim in these proceedings in the amount of $544,491.11.

On or before the 10th day of each month commencing in the month after confirmation effective date, ROBERT MALOOLY is to receive monthly installment payments of $3,761.95 each that will fully retire this debt over a 25-year amortization, including interest at the fixed rate of 6.75% per annum, calculated on the petition date balance from petition date forward, with a "call" or "balloon" payment due at the sixth anniversary of the Chapter 11 petition date, or October 7, 2016.  The petition date balance shall be calculated as the remaining principal balance of the note, plus contractual non-default-rate interest up to petition date, plus late charges occurring pre-petition.  All post-petition interest shall be at 6.75% per annum.  FLORESES are to be credited against the claim balance and the ongoing interest, for all post-petition payments.

The Class 4w creditor shall retain its lien on the 1217 N. Mesa apartments.

The Class 4w claimholder is impaired and entitled to vote on this Plan.

Class 4x.    Claim of Robert Malooly Secured by 2800 N. Campbell, 2815 N. Campbell, 1108 N. Florence, 14500 Sam Hawken, and 1226 E. Yandell (all SFDH's) and parking lot at 1731 Wyoming.  ROBERT MALOOLY filed a secured proof of claim in these proceedings in the amount of $522,469.70.

On or before the 10th day of each month commencing the month after confirmation

effective date, ROBERT MALOOLY is to receive monthly installment payments of $3,609.80 each that will fully retire this debt over a 25-year amortization, including interest at the fixed rate of 6.75% per annum, with a "call" or "balloon" payment due at the sixth anniversary of the Chapter 11 petition date, or October 7, 2016.  The petition date balance shall be calculated as the remaining principal balance of the note, plus contractual non-default-rate interest up to petition date, plus late charges occurring pre-petition.  All post-petition interest shall be at 6.75% per annum.  FLORESES are to be credited against the claim balance and the ongoing interest for all post-petition payments.

In the event any one or more of the six properties securing this debt is sold, then after closing costs and property taxes are paid to date of closing, and the loan balance is reduced by the rest of the sale proceeds, the remaining balance of the loan will be reamortized into level payments over the remaining term of the 25-year amortization, still preserving the 6.75% interest rate and the  call at October 7, 2016.

The Class 4x creditor shall retain its lien on the properties described in this Class.

The Class 4x claimholder is impaired and entitled to vote on this Plan.

Class 4y.    Claim of ROBERT MALOOLY Secured by 2132 N. Kansas (Home with Apartments), 803 Mamie (home), and 1111 Overland (storage warehouse). ROBERT MALOOLY filed a secured proof of claim in these proceedings in the amount of $314,463.72.

On or before the 10th day of the month following confirmation effective date, ROBERT MALOOLY is to receive monthly installment payments of $2,172.67 each that will fully retire this debt over a 25-year amortization, including interest at the fixed rate of 6.75% per annum, with a "call" or "balloon" payment due at the sixth anniversary of the Chapter 11 petition date, or October 7, 2016.  The petition date balance shall be calculated as the remaining principal balance of the note, plus contractual non-default-rate interest up to petition date, plus late charges occurring pre-petition.  All post-petition interest shall be at 6.75% per annum.  FLORESES are to be credited against the claim balance and the ongoing interest, for all post-petition payments.

In the event any one or two of the properties securing this debt is sold, then after closing costs and property taxes are paid to date of closing, and the loan balance is reduced by the rest of the sale proceeds, the remaining balance of the loan will be reamortized into level payments bearing interest at the rate of 6.75 per annum over the remaining term of the 25-year amortization, still preserving the call at October 7, 2016.

The Class 4y creditor shall retain its lien on the properties described in this Class.

The Class 4y claimholder is impaired and entitled to vote on this Plan.

Class 4z.    Claim of Robert Malooly for Non-Recourse Note Secured by Section 36, Township 27S, Range 2E, Dona Ana County, New Mexico and Other Party's Assets . ROBERT MALOOLY filed two secured proof of claim in these proceedings in the amounts of $881,817.92 and $90,320.75 against this property.  All issues between the Debtors and ROBERT MALOOLY concerning this property have been reduced to writing in an Agreed Order upon ROBERT MALOOLY's Second Motion for Relief from Stay as to this Property.  This Plan does not alter the terms of that Agreed Order, a copy of which is hereto attached.

At any time FLORESES decide to relinquish this property to the lienholder, they may do so either by deed, or by allowing foreclosure, and in either event they shall have no personal liability for any deficiency.

The Class 4z creditor shall retain its lien for the mortgage recorded December, 2006 on Section 36, Township 27S, Range 2E, NMPM.

The Class 4z creditor shall retain all collection rights against CARLOS OROZCO for any interest or other promissory note obligations in excess of what this Plan provides for.

The Class 4z claimholder is impaired and entitled to vote on this Plan.

Class 5.    General Unsecured Claims of $500.00 or Less. These are non-insider claimholders who either have no security agreements with FLORESES or who hold claims for

which there is no available collateral.  Class 5 claimholders are to receive a net overall dividend of 100% upon the allowed amounts of their claims, without interest.  They shall share ratably in two level payments at six-month intervals, commencing on the 180th day after Plan confirmation and concluding on the first anniversary of Plan confirmation effective date.  The Class 5 claimholders consist of various entities listed in "A" attached to this Plan.

Class 5 claimholders will not retain their liens, if they have any for their Class 5 claims.  Class 5 is an impaired, voting class.

Class 6.          <u>General Unsecured Claims of Over $500.00</u>.  These are non-insider claimholders who either have no security agreements with FLORESES or who hold claims for which there is no available collateral.  Class 6 claimholders are to receive a net overall dividend of 100% upon the allowed amounts of their claims, without interest.  They shall share ratably in a monthly payment of $4,000.00, commencing on the 15th day of the third month following confirmation effective date, and continuing each month thereafter until the claims have been paid in full, estimated to take 62 months.  If the Debtors make any pre-payments of $20,000.00 or more to this Class, the monthly $4,000.00 pro-rated payment shall be re-calculated so that the balance owed to this Class is still spread out in level payments over the remainder of the 62 months.  The Class 6 claimholders consist of the various entities listed in Exhibit "B" attached to this Plan.

Class 6 claimholders will not retain their liens, if they have any for their Class 5 claims.  Class 5 is an impaired, voting class.

Class 7.          <u>Interests of the Debtors</u>.  FLORESES will be retaining their exempt property on account of their claims of exemption under Tex. Prop. Code §§ 41.001 *et seq.* and 42.001 *et seq.* of the Texas Property Code.  FLORESES will be retaining their non-exempt property, on account of paying allowed unsecured claims 100 cents on the dollar.

Class 7 is not a voting class.

Class 8.          <u>Subordinated Claims</u>.  At this time there are no subordinated claims.

22

## V. **EFFECTIVE DATE OF CONFIRMATION**

If this Plan is approved, the Plan will be implemented on its effective date, which will be fifteen (15) days after the entry of the Order confirming the Plan.

## VI. **EFFECT OF CONFIRMATION**

The effect of confirmation will be as set forth in Bankruptcy Code Section 1141, except that Section 36, Township 27s, Range 2E shall remain vested in the Debtors until it is sold via court order or via foreclosure.   A copy of that statute is hereto appended as Exhibit "C."

## VII. **RETENTION OF JURISDICTION**

The United States Bankruptcy Court for the Western District of Texas, El Paso Division ("the Court"), will retain jurisdiction over the Plan and all matters which fairly belong to its implementation. The Court will also be a forum in which FLORESES may prosecute litigation arising under or related to a case under Title 11, United Sates Code, including objections to claims, provided such litigation has been disclosed (*i.e.*, identified in this Plan or in the accompanying Disclosure Statement as a claim objection, counterclaim, or offsetting claim against the claimholder) and is initiated before the 100th day after confirmation effective date;   and provided claim objections against the IRS are initiated within 30 days of confirmation effective date.

## VIII. **POWERS IN THE DEBTORS TO INITIATE AND PROSECUTE LITIGATION AND TO OBJECT TO CLAIMS**

The Debtors may initiate adversary proceedings, and any contested matters which a Chapter 11 Trustee could bring, including claim objections, at any time prior to two years after petition date, except that objections to claims of the IRS must be brought prior to the voting on confirmation. FLORESES shall retain during such litigation all powers conferred upon a Debtor-in-Possession by Chapters 1, 3, 5, and 11 of the Bankruptcy Code.  Except with respect to the IRS, FLORESES may also initiate any proceedings in the courts of the State of Texas, based upon pre-petition transactions, at any time prior to the second anniversary of bankruptcy petition date, unless applicable statutes of limitation afford FLORESES a longer time to sue; and FLORESES may initiate suits in the Courts of the State of Texas, based upon post-petition transactions, within any period of time afforded by Texas statutes of limitation.  In either situation, if the action or claim objection is based upon pre-bankruptcy or pre-confirmation transactions, FLORESES' basis for the objection or claim must have been disclosed to the Defendant within this Plan or the accompanying Disclosure Statement.

## IX.  ALLOWANCE OF CLAIMS

Claims Allowance Procedure.  The Court has set February 1, 2011 as the bar date for filing Proofs of Claim..  To be eligible to participate in distribution under this Plan, a creditor must either have filed a timely Proof of Claim, or have been scheduled by the Debtors as holding a claim.  If the Debtors have scheduled the claim as contingent, unliquidated, or disputed, then the creditor must have filed a timely Proof of Claim, anyway.  FLORESES  may object to any claim, even if FLORESES have scheduled the claim.  After confirmation FLORESES will not be prevented from contesting the stated amount or the estimated amount of any claim appearing anywhere in their schedules or in this Plan or in the accompanying Disclosure Statement, unless FLORESES  have failed to disclose their objection in this Plan or in the accompanying Disclosure Statement, or unless a final order of the Bankruptcy Court has previously determined the amount of that claim. Notwithstanding any of the foregoing, claim allowance may be redetermined  by the Court, if the claim has been reduced by post-petition payment or if other grounds exist under 11 U.S.C. § 502(j) or Bankruptcy Rules 3008 and/or 9023.  In such instances, FLORESES' duty to disclose objections shall be tempered by the amount of information FLORESES and the creditor each had.

FLORESES may also have revised their Schedules from time to time, prior to voting on confirmation, for cause and upon notice to affected parties in interest.  If a creditor relies upon the amount of its claim as scheduled by the Debtor, and does not file a Proof of Claim, then the creditor's recovery shall be limited to the Debtors' scheduled amount.  If FLORESES have revised the scheduled amount of the claim, and there is no Proof of Claim on file, then the revised scheduled amounts shall prevail unless the creditor files a Proof of Claim within 90 days (or whatever shorter time may be prescribed by the Court) of being notified of the revised amount.

All Proofs of Claim are deemed allowed,  unless there is an objection by the Debtors or other party in interest with standing to object.

## X. VOLUNTARY COMPROMISING OF CLAIMS, POST-CONFIRMATION

The Debtors shall retain power to compromise any allowed claim in any class under this Plan and to pay the claim off early or at any mutually-agreed time through negotiations at any agreed discount.  In the event of such pre-payment at an agreed discount, the balance of the compromised debt shall be treated by the affected creditor as discharged through insolvency proceedings in the year of the compromised payment, and not reported as miscellaneous income for taxation purposes by virtue of the suspension of the Chapter 11 discharge until the Plan has been completed.  11 U.S.C.

§ 1141.

## XI. EXECUTORY CONTRACTS

FLORESES are rejecting as lessors their month-to-month lease of 907 6th Street, Tularosa New Mexico to Bryan Sprague, and their term lease of 4128 O'Keefe, El Paso, Texas, to Marko Talamantes (ends November 30, 2011). This Plan contains no proposal or other terms which alter in any way any executory contracts or unexpired leases which the Debtors have assumed during the course of these Chapter 11 proceedings. All holders of assumed executory contracts or unexpired leases with the Debtors will continue to receive the Debtors' regular performance under those contracts, according to the terms of these contracts, as modified if applicable. The Debtors are not rejecting any other executory contracts or unexpired leases, and the confirmation order shall operate as Court approval of assumption of those executory contracts and unexpired leases.

## XII. CERTAIN GENERAL TERMS AND CONDITIONS

12.1.  <u>Calculation of Secured Plan Payments</u>. If this Plan does not specify an amount for a secured creditor's payment, the Debtors may request a statement of the claim balance from the creditor, which shall be furnished with reasonable promptness. The claim balance shall be limited to principal owing on petition date, interest accrued at the non-default rate up to petition date, post-petition interest at the rate specified in this Plan for that class, and any attorney's fees allowed by the Court. The Debtors may object to any improperly calculated monthly payment demanded.

12.2.  <u>"Split" Claim Allowance</u>. Various classes of claims are defined in this Plan. This Plan is intended to deal with all claims against the Debtor of whatever character, whether or not contingent or liquidated, and whether or not allowed by the Court pursuant to Section 502(a) of the Bankruptcy Code. However, only those claims allowed pursuant to Section 502(a) of the Bankruptcy Code will receive payment under the Plan. If a creditor has filed a single claim which this Plan treats, for allowance or payment or voting purposes, as more than one claim (e.g., part of the claim may be priority and part non-priority; or part of the claim may be secured and part unsecured), the reference to any part of the filed or scheduled proof of claim as a distinct claim, in this Plan, shall be controlling as if the creditor had filed, or as if the Debtor had scheduled, that claim as one or more distinct claims. This method of arranging the claims, however, does not by itself preclude any creditor from asserting that the classification is improper or that the amount of any claim or vote on any claim is a sum different from the amount of the claim as treated by the Plan.

25

12.3.   Claim Payment if an Objection is Pending.   A claim which is subject to an objection on file with the Court will still be entitled to receive payment upon any undisputed portion pending resolution of the objection by final court order.  The Debtor shall set aside the funds necessary to make any suspended distribution on the disputed portion of the claim and shall "catch up" that distribution, to the extent that would have been paid in the absence of the objection, in accordance with the final order resolving the objection.

12.4.   Modifications of Plan.   This Plan may be modified upon application of the Debtor or corrected prior to Confirmation without notice or hearing and without an additional Disclosure Statement pursuant to Section 1125 of the Bankruptcy Code, provided that the Court finds that such modification does not materially and adversely affect any creditor or class of creditors.  The Debtors may also modify this Plan after confirmation, if the Court approves the modification after notice to all affected parties and an opportunity for hearing.

12.5.   Grace.   Because FLORESES cannot perfectly foresee the events of the years ahead during which this Plan is to be implemented, FLORESES shall be entitled to 30 days grace in the making of any payment or payments called for by this Plan.  This provision is necessary because the Debtor is a small retail business and will experience some degree of cash flow irregularity.

12.6.   Effect of Pre-payments.   The Debtors may "pay ahead" on any claim in any class.  If they do so, the excess over the Plan payment then due or then approaching, shall be applied to the next Plan payment(s) to come due, excusing the Debtors from having to make them.  This "banking" or "rollover" of Plan payments is intended to help the Debtors' cash flow and speed up Plan performance.

12.7.   Default.   The Debtors' failure to make any payment (except upon federal tax claims, for which *see* below) called for by this Plan before the end of the grace period set forth above, shall enable the holder of an allowed claim to declare a default.

Claimants' remedies upon default, once the grace period described in Paragraph 13.4 has expired, shall be according to Plan claims as follows:

Class 1.  Administrative claimants may request a directive from the Bankruptcy Court for the Debtor to make payment to the extent then due or they may seek judgment and any

appropriate writs in any court of competent jurisdiction.

Classes 2-2e.  The taxing authority may enforce its statutory remedies as to the particular property upon which there has been a default.

Class 3.  The taxing authority may enforce its statutory remedies.

Classes 4a -4z.  Secured creditors may proceed against their collateral in the class where the default has occurred, according to the lien enforcement covenants in the loan documents.

Classes 5 and 6.  Any general unsecured creditor may sue in a court of competent jurisdiction to enforce the entire amount of its remaining allowed claim.

If any written demand is required by law prior to the commencing of any of the above remedies for default, the creditor shall also provide that written demand to the Debtors (and to the co-Debtors  if applicable) after the grace period in Paragraph 12.5 has run.

12.8.  Plan as Reinstatement Agreement as to Secured Debts. This Plan shall operate as a renewal and extension agreement as to any real estate lien notes which were accelerated prior to petition date in these proceedings, on properties now being retained by the Debtors.  It shall not be necessary for any such noteholder to obtain a renewal and extension agreement, to prevent the expiration of the statute of limitations upon foreclosure rights.  Debtors agree that this Plan of Reorganization may be filed for record by any holder of a real estate lien note, in the County where the property is located.  The renewal and extension shall not operate to carry forward any loan terms inconsistent with this Plan.

12.9.  Subsequent Dismissal or Conversion.  If the Court converts these proceedings to a Chapter 7 liquidation on grounds of material default by the debtor with respect to the confirmed Plan, the converting order shall re-vest in the estate all non-exempt property which vested in the Debtors at confirmation.

12.10.  United States Trustee's Fees.  At confirmation, all due fees charged by the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall have been paid.  United States Trustee fees coming due thereafter shall be paid when due, and after closure of these proceedings, any outstanding U.S. Trustee's fees shall be paid before the close of the month following entry of

the closure order. The Debtors shall file quarterly operating reports post-confirmation and continue to pay United States Trustee's fees until these proceedings are closed, dismissed, or converted to another Chapter.

12.11. <u>Attorney's Fees and Costs</u>. Any creditor holding a claim for administrative expense who intends to recover its attorney's fees and/or costs for this Chapter 11 case, must proceed, if at all, under 11 U.S.C. § 506, and do so by fee application filed no later than 20 days after confirmation effective date. Fully secured creditors who wish to recover their fees and costs may add such fees and costs to their claim balances, to the extent they are reasonable. If such fees and costs are under objection, and an event of payment occurs which, absent the objection, would satisfy the fees and costs in whole or in part, such payment as would go to fees and costs shall be placed in an interest bearing suspense account pending outcome of the objection.

12.12. <u>Debtors as Distribution Agent</u>. FLORESES shall be the distributors of all payments to be made under this Plan.

12.13. <u>Definitions</u>. All definitions appearing in the accompanying Disclosure Statement apply to this Plan also, unless expressly stated otherwise herein.

## XIII. <u>VOTING</u>

For information on the procedure for voting on this Plan of Reorganization, or concerning confirmation over the dissenting votes of claim holders, the reader should refer to the accompanying Disclosure Statement, Article I.D.2. therein, and to the text of Bankruptcy Code Section 1129 attached to the Disclosure Statement.

Respectfully submitted this 20th day of December, 2011.

    /s/_____
ALBERT FLORES


    /s/_____
BETTY ANGELINA FLORES

 /s/
_____
E.P. BUD KIRK
State Bar Number 11508650
Terrace Gardens
600 Sunland Park Drive
Bldg. Four, Suite 400
El Paso, Texas  79912
(915) 584-3773
(915) 581-3452 facsimile
Attorney for the Debtors

# EXHIBIT "A"

## CLASS 5 GENERAL UNSECURED CLAIMS OF $500.00 OR LESS

| | | | |
|---|---|---|---|
| American Express<br>P.O. Box 650448<br>Dallas, TX  75265 | -1005 | $ | 79.55 |
| American Express<br>P.O. Box 650448<br>Dallas, TX  75265 | -2004 | $ | 367.03 |
| Chase<br>P.O. Box 15298<br>Wilmington, DE  19850 | -1310 | $ | 324.90 |
| Chase Bank USA NA<br>Kohl's<br>P.O. Box 740933<br>Dallas, TX  75374 | --2927 | $ | 137.19 |
| The Company Corporation<br>2711 Centerville Road<br>Wilmington, DE  19808 | -9935 | $ | 235.00 |
| TOTAL | | $ | 1 143.67 |

# EXHIBIT "B"

## CLASS 6 GENERAL UNSECURED CLAIMS OF OVER $500.00

| | | |
|---|---|---|
| Advanta<br>P.O. Box 8088<br>Philadelphia, PA  19101 | -5681 | $  19,858.58 |
| Alicia Woodwell<br>5733 Stan Musial<br>El Paso, TX  79934 | | $  20,000.00 |
| Bank of America<br>P.O. Box 15026<br>Wilmington, DE  19850 | -6657 | $  16,858.96 |
| Bank of America<br>P.O. Box 15026<br>Wilmington, DE  19850 | -7268 | $  10,052.42 |
| Bank of America<br>P.O. Box 15026<br>Wilmington, DE  19850 | -1832 | $  2,558.80 |
| Bank of America<br>P.O. Box 15026<br>Wilmington, DE  19850 | -4571 | $  75,886.03 |
| Bank of America<br>P.O. Box 15184<br>Wilmington, DE  19850 | -0500 | $  15,426.13 |
| Chase<br>P.O. Box 15298<br>Wilmington, DE  19850 | -8422 | $  8,016.88 |
| Chase<br>P.O. Box 15298<br>Wilmington, DE  19850 | -7545 | $  31,028.72 |
| Chase<br>P.O. Box 15298<br>Wilmington, DE  19850 | -2630 | $  10,284.84 |
| Chase<br>P.O. Box 15298<br>Wilmington, DE  19850 | -1876 | $  8,626.11 |
| Chase<br>P.O. Box 15298<br>Wilmington, DE  19850 | -2463 | $  11,752.13 |
| Discover<br>P.O. Box 29033<br>Phoenix, AZ  85038 | -1526 | $  7,866.80 |

NAEDA Financial, Ltd.     $ 18,238.80
P.O. Box 95662
Chicago, IL  60694

Sam's Club    -0215   $ 1,090.07
P.O. Box 530942
Atlanta, GA  30353

Sears     -2988   $ 8,211.00
P.O. Box 183082
Columbus, OH  43218

Target Visa   -0178   $ 941.99
P.O. Box 660170
Dallas, TX  75266


     TOTAL    $ 266,698.26

# EXHIBIT "C"

## § 1141.  Effect of confirmation

(a) Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as provided in subsections (d)(2) and (d)(3) of this section and except as otherwise provided in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors, equity security holders, and of general partners in the debtor.

(d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—

(A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not—

(i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;

(ii) such claim is allowed under section 502 of this title; or

(iii) the holder of such claim has accepted the plan; and

(B) terminates all rights and interests of equity security holders and general partners provided for by the plan.

(2) A discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title.

(3) The confirmation of a plan does not discharge a debtor if—

(A) the plan provides for the liquidation of all or substantially all of the property of the estate;

(B) the debtor does not engage in business after consummation of the plan; and

(C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

(4) The court may approve a written waiver of discharge executed by the debtor after the order for relief under this chapter.

(5) In a case in which the debtor is an individual—

(A) unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan;

(B) at any time after the confirmation of the plan, and after notice and a hearing, the court may grant a discharge to the debtor who has not completed payments under the plan if—

(i) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 on such date; and

(ii) modification of the plan under section 1127 is not practicable; and

(C) unless after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that—

(i) section 522(q)(1) may be applicable to the debtor; and

(ii) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B).

(6) Notwithstanding paragraph (1), the confirmation of a plan does not discharge a debtor that is a corporation from any debt—

(A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit, or owed to a person as the result of an action filed under subchapter III of chapter 37 of title 31 or any similar State statute; or

(B) for a tax or customs duty with respect to which the debtor—

(i) made a fraudulent return; or

(ii) willfully attempted in any manner to evade or to defeat such tax or such customs duty.

(Pub.L. 95–598, Nov. 6, 1978, 92 Stat. 2638; Pub.L. 98–353, Title III, § 513, July 10, 1984, 98 Stat. 387; Pub.L. 109–8, Title III, §§ 321(d), 330(b), Title VII, § 708, Apr. 20, 2005, 119 Stat. 95, 101, 126.)



**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 08, 2011.**

_H Chott_
_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

In re                                                    §
                                                         §
ALBERT FLORES and                                        §       Case No. 10-32173-HCM-11
BETTY ANGELINA FLORES,                                   §
                                                         §
          Debtors.                                       §
                                                         §

**AGREED ORDER MODIFYING THE AUTOMATIC STAY AS TO
SECTION 36, TOWNSHIP 27S, RANGE 2E, NEW MEXICO PRINCIPAL MERIDIAN**

On October 13, 2011 in El Paso there came on for hearing the Second Motion of the secured creditor ROBERT MALOOLY (hereinafter "MALOOLY") for relief from the automatic stay as to the unimproved real property described as Section 36, Township 27S, Range 2E, New Mexico Principal Meridian (hereinafter "the Property") which is now property of this estate, having been purchased by the Debtors ALBERT FLORES and BETTY ANGELINA FLORES (collectively hereinafter referred to as "FLORESES") prior to the onset of these Chapter 11 proceedings, and "subject to" mortgage debt thereon held by MALOOLY.

And MALOOLY and FLORESES appeared with their counsel and advised the Court they had reached an agreement to modify the automatic stay (hereinafter "the stay"), as follows:

1.      The stay is modified so that MALOOLY can commence New Mexico foreclosure proceedings against the Property. The Property shall remain property of the estate, however, until the earlier of these two events:  (a)  MALOOLY forecloses under New Mexico law, at which time (*i.e.*, the instant beforehand) the Property shall no

longer be property of the estate, or (b) FLORESES close a Court-approved sale of the Property under 11 U.S.C. § 363(b) and (f).

2.   FLORESES shall commence making adequate protection payments of $5,500.00 per month to MALOOLY, on December 1, 2011, with a like payment due on the first of each month thereafter. The adequate protection payments are, like the MALOOLY mortgage debt on the Property, a non-recourse obligation as to FLORESES. However, any failure by FLORESES to make the adequate protection payment(s) on or before the due date(s) shall terminate FLORESES' right to try to sell the Property. Other events, described below, may also terminate FLORESES' right to try to sell the Property.

3.   If FLORESES obtain a *bona fide* earnest money contract from a buyer capable of closing (the determinations of a *bona fide* earnest money contract and capability to close within a reasonable time are to be made in the first instance by MALOOLY, taking into account the amount of earnest money, its non-refundability, and the buyer's proven financial strength), then FLORESES may elect to bring promptly a § 363 Motion to Sell the Property, in this Court. The offer must be for at least enough to pay MALOOLY in full under Paragraph 6, below. The pendency of the offer, so long as MALOOLY recognizes it as *bona fide* and capable of closing within a reasonable time, shall hold off the New Mexico foreclosure procedure. During the postponement, FLORESES must continue to make all of the adequate protection payments contemplated in Paragraph 2, above.

4.   If there is no *bona fide* offer pending, with capability to close within a reasonable time, as of the time the foreclosure sale is to be conducted, MALOOLY may proceed to foreclose according to New Mexico law.

5.   For good cause to be shown to the Court, FLORESES may request a special stay of the New Mexico foreclosure, if all these circumstances apply:

   (i)    FLORESES have made on or before their due date(s) all the adequate protection payments called for in this Agreed Order;

   (ii)   FLORESES have an offer in hand which they consider to be *bona fide* and capable of closing within a reasonable time for enough to pay MALOOLY

in full, but MALOOLY either does not consider the offer *bona fide* or does not consider it capable of such a closing; and

(iii)    FLORESES shall have presented the offer to the Court in a § 363 Motion, together with the special stay request.

(iv)    If a special stay is granted, it shall be only upon such terms and conditions as the Court approves.

6.    It is also agreed that as of petition date, October 7, 2010, MALOOLY had two note balances (and no other loan balances) secured by the Property, for $881,000.00 and $90,000.00 respectively. Those have accrued interest since at the contractual, non-default rate ("the interest"). Payoff of MALOOLY, for purposes of satisfying the mortgage debt, shall include those petition-date balances, the interest, and reasonable attorney's fees on an hourly basis, including reasonable attorney's fees on an hourly basis actually incurred in pursuing the New Mexico foreclosure.

7.    FLORESES' Plan of Reorganization shall be amended to comport with this Agreed Order.

And the Court, having reviewed these terms as announced in open Court and as presented here in this form of Order, hereby APPROVES the above terms as the Order of this Court upon MALOOLY's Second Motion to Lift Stay.

###

APPROVED AS TO FORM:

/s/
E.P. BUD KIRK
Texas State Bar No. 11508650
Terrace Gardens
600 Sunland Park Drive
Building Four, Suite 400
El Paso, Texas 79912
(915) 584-3773
(915) 581-3452 facsimile
Attorney for the Debtors

*Cheryl Lay with permission for*

CHERYL S. LAY-DAVIS
Texas State Bar No. _____
Leslie & Lay, P.C.
2731-A Montana Avenue
El Paso, TX 79903
(915) 565-9000
(915) 565-9191 facsimile
Attorney for ROBERT MALOOLY

Submitted by:
E.P. BUD KIRK
600 Sunland Park Dr.
Building Four, Suite 400
El Paso, TX 79912
(915) 584-3773
(915) 581-3452 facsimile
Attorney for Debtors



IT IS HEREBY ADJUDGED and DECREED that the
below described is SO ORDERED.

Dated: November 08, 2011.

_____

**H. CHRISTOPHER MOTT**
**UNITED STATES BANKRUPTCY JUDGE**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **ALBERT FLORES, and** | ) | Case No. 10-32173-HCM |
| **BETTY ANGELINA FLORES,** | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |

### AGREED ORDER ON NAEDA FINANCIAL, LTD.'S MOTION FOR VALUATION OF CERTAIN EQUIPMENT PURSUANT TO 11 U.S.C. §506 AND OBJECTION TO CONFIRMATION OF DEBTORS' FIRST AMENDED PLAN OF REORGANIZATION

Came on this day to be considered *the Motion for Valuation of Certain Equipment Pursuant to 11 U.S.C. Section 506 filed by NAEDA Financial, Ltd. ("NAEDA")* (the "*Motion*") and *Objection to Confirmation of Debtor's First Amended Plan of Reorganization* (the "*Objection*"). The Parties appeared through their attorneys of record. The Parties announced an agreement as to all matters contained in their respective pleadings and have asked the Court to enter this *Agreed Order* (the "*Agreed Order*") evidencing the terms of their agreement.

IT IS THEREFORE, ORDERED, ADJUDGED and DECREED, that NAEDA is a secured creditor of the Debtors by virtue of a *UCC-1 Financing Statement* filed in the Office of the Texas Secretary of State on September 12, 2007 (the "*Security Agreement*") pertaining to a *Retail Installment Contract No. 0150508-001* dated September 14, 2007 ("Contract 1") to Esteshill, LLC d/b/a Hill Equipment (hereinafter "Hill") and the *Retail Installment Contract* No. 0150508-002 dated November 20, 2008 ("Contract 2") to Bissett Specialty Equipment, Inc. ("Bissett") in conjunction with the purchase of the following new and used equipment:

a). 2004 Model 4391TA Case IH Power Unit S/N DJA0018099 (used);

b). 2004 Model JX95 Case IH MFWD Tractor w/ Weights S/N HFJ016946 (used);

c) 2007 Gearmore 8' Scraper S/N 8022 (new);

d). 2004 HRRD6 Tufline Border Disc S/N 33003 (used);

e). Model AF500C3 Duras Sprayer S/N 12799 (used);

f). 2004 Model L0113 Lorenz Orchard Cultivator S/N 1344 (used);

g). 2004 Model ORC12 Rhino Mower S/N 10501 (used);

h). Model P41 Agriplane 12 Ft Leveler S/N 12704 (used); and

i). 2004 Model 1540 Rhino 9' Rear Blade S/N 15018 (used).

j). 1990 Model 8900 Weiss McNair Harvester S/N 90443 (used);

k). 1999 Model JD 80 Weiss McNair Sweeper S/N 99042 (used);

l). 1997 Herbst Dump Cart S/N 219 ("Equipment 2") (used).

IT IS THEREFORE, ORDERED, ADJUDGED and DECREED, that the personal property consisting of farm equipment described above and subject to the *Proof of*

*Claim* filed by NAEDA in this Chapter 11 proceeding and the attachments thereto shall have a fair market value of $65,000.00 for purposes of distribution to be paid with 6% interest under the Debtors' *First Amended Plan of Reorganization* (the "*Plan*") once confirmed.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that NAEDA shall have a general unsecured claim for any amounts of its claim in excess of $65,000.00 to be paid pursuant to the treatment of **Class 6, General Unsecured Creditors** under the *Plan*.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that NAEDA FINANCIAL, LTD. shall retain its lien on the Debtors' farm equipment described in the Financing Statement.

###

**APPROVED AS TO FORM:**

/s/ E.P. Bud Kirk , Esq.
E.P. Bud Kirk, Esq.
Terrace Gardens
600 Sunland Park Drive
Building Four, Suite 400
El Paso, Texas 79912
(915) 584-3773 (Telephone)
(915) 581-3452 (Facsimile)
budkirk@aol.com

Counsel for the Debtors

/s/ Carlos A. Miranda III, Esq.
Carlos A. Miranda III, Esq
Gabe Perez, Esq.
MIRANDA & ASSOCIATES, P.C
5915 Silver Springs, Bldg. 7
El Paso, Texas 79912
(915) 587-5000 (Telephone)
(915) 587-5001 (Facsimile)
cmiranda@mirandafirm.com
gperez@mirandafirm.com

Counsel for NAEDA Financial, Ltd.